**FILED**

JUN 2 7 2000

NANCY MAYER-WHITTINGTON, CLERK
U.S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 00-1501 |
| SWEDISH MATCH NORTH ) | |
| AMERICA INC., *et al.*, ) | |
| Defendants. ) | |

## STIPULATED INTERIM PROTECTIVE ORDER

The undersigned counsel for the parties hereby stipulate that, unless and until such time as the Court enters a protective order, they shall each abide by the terms of the attached FTC draft proposed protective order provided by plaintiff to defendants. This stipulation is intended only to secure confidentiality for documents related to this litigation pending action by the Court on a motion for a protective order.

JOHN D. GRAUBERT
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C.
(202) 326-2186

Counsel for Plaintiff
Federal Trade Commission

Date:

JAMES V. KEARNEY
LATHAM & WATKINS
885 Third Avenue, Suite 1000
New York, New York 10022-4802
(212) 906-1368

Counsel for Defendant
Swedish Match North America Inc.

Date: 6/23/00

DEBRA J. PEARLSTEIN
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8686

*/s/ Debra J. Pearlst[ein]*

Counsel for Defendant
National Tobacco Company, L.P.

Date: 6/23/00

SO ORDERED:

*/s/ Thomas F. Hogan*

UNITED STATES DISTRICT JUDGE

Dated: Washington, D.C.
June 2*?*, 2000

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,            )
                                     )
                  Plaintiff,          )
                                     )
          v.                          )     Civil Action No.  00-1501
                                     )
SWEDISH MATCH NORTH                   )
AMERICA INC., et al.,                 )
                                     )
                  Defendants.         )

## FTC DRAFT PROTECTIVE ORDER

To ensure that matters raised by this proceeding are open to the public to the extent possible, and also that confidential information submitted by a defendant or any third party, whether pursuant to compulsory process or voluntarily, is not improperly disclosed, IT IS HEREBY ORDERED:

1.      As used in this Order, "confidential material" shall refer to any document or portion thereof that contains competitively sensitive information, including trade secrets or other confidential research, development, commercial or financial information, as such terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure and Section 6(f) of the Federal Trade Commission Act, and in the cases so construing them, and in any rules promulgated pursuant to or in implementation of them. "Document" shall refer to any discoverable writing or recording, as defined in Rule 1001 of the Federal Rules of Evidence, or transcript of oral testimony in the possession of a party or a third party.

2.  Any document or portion thereof submitted by any person during a Federal Trade Commission ("FTC") investigation by any person that is entitled to confidentiality under the Federal Trade Commission Act, the Hart-Scott-Rodino Antitrust Improvements Act of 1976, or any regulation, interpretation, or precedent concerning documents in the possession of the Commission, as well as any information taken from any portion of such document, shall be treated as confidential material for purposes of this Order. The identity of a third party submitting such confidential material shall also be treated as confidential material for the purposes of this Order where the submitter has requested such confidential treatment.

3.  The parties and any third parties, in complying with informal discovery requests or discovery requests served upon them pursuant to the Federal Rules of Civil Procedure, may designate any document or portion thereof submitted in response to such discovery requests as confidential material, including documents obtained by them from third parties pursuant to discovery or as otherwise obtained.

4.  The parties, in conducting discovery from third parties, shall attach to such discovery requests a copy of this Order so as to apprise such third parties of their rights herein.

5.  A designation of confidentiality shall constitute a representation to the Court, in good faith and after careful determination, that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes confidential material as defined in Paragraph 1 of this Order.

6.  Material may be designated as confidential by placing on or affixing to the document containing such material (in such manner as will not interfere with the legibility thereof), or, if an entire folder or box of documents is confidential, by placing or affixing to that

-2-

folder or box, the designation "CONFIDENTIAL: FTC v. SWEDISH MATCH ET AL." or any other appropriate notice, together with an indication of the portion or portions of the document considered to be confidential material. Masked copies of documents may be produced where the portions masked contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been deleted and the reasons therefor.

7. Confidential material shall be disclosed only to: (a) appropriate judges and court personnel; (b) FTC counsel, their associated attorneys, FTC Commissioners, and other employees or consultants of the FTC; (c) outside counsel of record for defendants ("outside counsel"), their associated attorneys and other employees of their law firm(s), provided they are not employees of a defendant; (d) anyone retained to assist outside counsel in the preparation or trial of this action (including consultants), provided they are not affiliated in any way with a defendant or with any other company or person involved in the purchase, sale, or distribution of loose leaf tobacco or moist snuff, and (e) any person who has been identified as an author or recipient of such confidential material, or who is or has been an employee of the party (or its subsidiaries) or third party who produced the material.

8. Disclosure of confidential information to any person described in Paragraph 7 of this Order shall be only for the purposes of the preparation, hearing, and any appeal of this proceeding and any subsequent administrative proceeding arising from this transaction, and for no other purpose whatsoever.

9. Notwithstanding Paragraphs 7 and 8, the FTC may, subject to taking appropriate steps to preserve confidentiality: (1) disclose and use information that is confidential under Paragraph 2 of this Order to the extent permitted by the confidentiality provisions of applicable statutes and Commission rules, and (2) disclose and use confidential information obtained

pursuant to this Order (a) in responding to a formal request (upon a majority vote or upon a Chairman's signature) or subpoena from either House of Congress or from any committee or subcommittee of the Congress, consistent with applicable law, including Section 7A(h) of the Clayton Act or Sections 6(f) and 21 of the Federal Trade Commission Act; and (b) in responding to a federal or state access request under Commission Rule 4.11(c), 16 C.F.R. § 4.11(c).

10. In the event that any confidential material is contained in any pleading, motion, exhibit or other paper (collectively the "papers") filed or to be filed with the Clerk of the Court, the Clerk shall be so informed by the party filing such papers, and such papers shall be filed under seal. To the extent that such material was originally submitted by a third party, the party including the materials in its papers shall immediately notify the submitter of such inclusion. Confidential material contained in the papers (including confidential material from both parties and third parties) shall remain under seal until further order of this Court; provided, however, that such papers may be furnished to persons or entities who may receive confidential material pursuant to Paragraphs 7 or 8. Upon or after filing any paper containing confidential material, the filing party may file on the public record a duplicate copy of the paper that does not reveal confidential material. Further, if the protection for any such material expires, a party may file on the public record a duplicate copy which also contains the formerly protected material.

11. If counsel for a defendant or any other party plans to introduce into evidence any document or transcript containing confidential material produced by another party or by a third party, they shall provide advance notice to the other party or third party for purposes of allowing that party to seek an order that the document or transcript be granted *in camera* treatment. If such party wishes *in camera* treatment for the document or transcript, the party shall file an

appropriate motion with the court within five days after it receives such notice. Except where such an order is granted, all documents and transcripts shall be part of the public record. Where *in camera* treatment is granted, a duplicate copy of such document or transcript with the confidential material deleted therefrom may be placed on the public record.

12. At the time that any consultant or other person retained to assist counsel in the preparation of this action concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential information. At the conclusion of this action, the parties shall return documents obtained in this action to their submitters, provided, however, that the FTC's obligation to return documents shall be governed by the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. § 4.12.

13. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the right of the parties or third parties to assert any applicable discovery or trial privilege.

## ATTORNEYS ENTITLED TO NOTICE

(1) Rhett R. Krulla
Federal Trade Commission
601 Pennsylvania Avenue, N.W., Suite 3102
Washington, D.C. 20580
(202) 326-2608

on behalf of Plaintiff Federal Trade Commission,

and

(2) Debra J. Pearlstein
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8686

on behalf of National Tobacco;

James V. Kearney
Latham & Watkins
885 Third Avenue, Suite 1000
New York, New York 10022-4802
(212) 906-1368

on behalf of Swedish Match.